UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 14-5074
(C.A. No. 11-0701)

SUSAN MORRIS, Appellant,

v.

GINA MCCARTHY, Administrator,
Environmental Protection Agency, Appellee.

## APPELLEE'S REPLY IN SUPPORT OF
## MOTION FOR SUMMARY AFFIRMANCE

Morris's opposition to summary affirmance offers no grounds to disturb the District Court's decisions. She fails to show that she exhausted her administrative remedies with respect to her termination claim; that the alleged acts constituting a hostile work environment were severe or pervasive or because of her race; or that the reason for her suspension was a pretext for race discrimination or retaliation. Consequently, the District Court's carefully considered decisions disposing of these claims should be summarily affirmed.

**I.     MORRIS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES WITH RESPECT TO HER TERMINATION CLAIM.**

Morris, relying on 5 U.S.C. § 7702(e)(1), argues that she exhausted her administrative remedies with respect to her removal because more than 120 days passed after she filed her mixed case appeal without the MSPB taking judicially

reviewable action. Opp'n at 5. But she misunderstands that section and overlooks the procedural history of her MSPB appeal.

Section 7702(e)(1)(B) provides in applicable part that

[n]otwithstanding any other provision of law, if at any time after – . . . (B) the 120th day following the appeal with the [MSPB] under subsection (a)(1) [the type of appeal at issue here], there is no judicially reviewable action . . . an employee shall be entitled to file a civil action to the same extent and in the same manner as provided in section 717(c) of the Civil Rights Act of 1964 . . .

5 U.S.C. § 7702(e)(1)(B). The 120-day period in section 7702(e)(1) serves two purposes. It is "designed to prevent the MSPB and its Administrative Law Judges from dragging their feet and from effectively precluding judicial review." *Vinieratos v. Dep't of Air Force*, 939 F.2d 762, 774 n.11 (9th Cir. 1991). At the same time, "it is not an escape valve by which claimants who abandon the administrative process may nonetheless obtain a hearing in federal court." *Id.* Thus, necessarily implicit in section 7702(e)(1) is the requirement that the appeal should remain pending during the entire 120 day period to allow the MSPB to adjudicate or otherwise resolve it.

A contrary interpretation of section 7702(e)(1) would eliminate one of its dual purposes, allowing a complainant to simply dismiss her MSPB appeal at any time before 120 days had passed and simply wait to file suit. Yet this is essentially the outcome that Morris advocates here. In her case, the MSPB dismissed her appeal without prejudice – with her consent – to allow the investigation of her

2

whistleblower complaint to proceed. R. 6-3 at 29 (stating that Morris "agreed to a dismissal without prejudice if the [MSPB] determined that to be the 'best course' . . ."). The appeal was automatically re-filed on January 24, 2011, and was pending only 74 days when Morris filed suit on April 8, 2011. Notably, even if the period during when MSPB appeal was first active is considered, her suit was still premature. The appeal had been pending 42 days when MSPB dismissed it without prejudice. Thus, taking both periods into account, Morris's mixed case appeal was only before the MSPB for a total 116 days before she filed suit.

Morris, citing two inapposite cases, asserts that a dismissal without prejudice is not a judicially reviewable action. Opp'n at 5-6. This proposition, although it may be correct in certain circumstances, misses the point. In *Butler v. West*, 164 F.3d 634 (D.C. Cir. 1999), the plaintiff's MSPB appeal remained pending the entire 120 days without any intervening dismissal and reinstatement. *Id.* at 636 (stating that plaintiff filed a mixed case appeal on April 5, 1994, and MSPB issued an initial decision "exactly" 120 days later). Thus, the D.C. Circuit in *Butler* did not confront the procedural history present in Morris's MSPB appeal, or address the specific question whether an interruption of that period tolls it. *Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004), is even more factually remote, as it did not involve an MSPB appeal at all, but only the question of when a district court's dismissal of a civil action without prejudice is appealable. *Id.* at 665-66.

3

In short, Morris failed to allow the MSPB 120 days to process her mixed case appeal of her termination. Thus, the District Court correctly held that she had failed to exhaust her administrative remedies.

## II. MORRIS'S HOSTILE WORK ENVIRONMENT CLAIM FAILED AS A MATTER OF LAW.

As EPA has explained, the District Court correctly found that Morris was not subjected to severe or pervasive conduct, or that any of it was because of race. Mot. Summ. Aff. at 12-14. Morris's arguments to the contrary are unavailing.

First, citing a decision of a sister circuit, she argues that the question whether the alleged hostile conduct was severe or pervasive is reserved for the jury. Opp'n at 16 (citing *Smith v. First Union Nat'l Bk.*, 202 F.3d 234, 243 (4th Cir. 2000)). But this Court has not hesitated to affirm summary judgment in cases where plaintiffs have failed to adduce sufficient evidence of severe or pervasive conduct. *See*, *e.g.*, *Brooks v. Grundmann*, 748 F.3d 1273, 1276-77 (D.C. Cir. 2014); *Hussain v. Nicholson*, 435 F.3d 359, 366-67 (D.C. Cir. 2006); *Mason v. Geithner*, 492 Fed. App'x 122 (D.C. Cir. 2012); *Stewart v. Evans*, 275 F.3d 1126, 1132-34 (D.C. Cir. 2002); *Childs-Pierce v. Util. Workers Union of Am.*, 187 Fed. App'x 1, 2 (D.C. Cir. 2006).

Second, Morris faults EPA's motion for only partially listing the alleged acts comprising her hostile work environment claim. Opp'n at 16-17 (arguing that EPA mentions only a "select few of the less offensive actions"). But the District Court

4

considered the entire record, including all of the acts pled by Morris in her amended complaint and all additional acts set forth in her declaration. Feb. 6, 2012 Mem. Op. at 13-14. It was on this record that the District Court concluded that the alleged acts were neither severe nor pervasive. *Id.*

Finally, stuck with her allegation that Higginbotham began harassing Morris because of her criticism of Higginbotham's leadership, Morris seeks to recast her hostile work environment claim as one based on mixed motive. Opp'n at 18. But assuming that such a claim is even legally cognizable, *see Stacks v. Sw. Bell Yellow Pages, Inc.*, 27 F.3d 1316, 1326 (8th Cir. 1994) ("The mixed-motives analysis is inapplicable to a hostile-work-environment claim."), Morris failed to plead a mixed motive theory below and is foreclosed from doing so on appeal. *See* Feb. 6, 2012 Mem. Op. at 21 n.13.

### III. MORRIS FAILED TO ADDUCE SUFFICIENT EVIDENCE OF PRETEXT WITH RESPECT TO HER SUSPENSION.

Contrary to Morris's assertion, Opp'n at 8, the material facts concerning her suspension are straightforward. They are also undisputed. Higginbotham instructed Morris not to respond to the memoranda from Wilkes and Tommelleo and, contrary to this instruction, Morris did so. R. 31 ¶¶ 11, 14-15. The instruction's underlying rationale is of no moment. Nor is Morris's professed belief that she did not disobey Higginbotham when she submitted her Issue Sheet, for "it is the perception of the decisionmaker which is relevant, not the self-

5

assessment of the plaintiff." *Vatel v. Alliance of Auto. Mfrs.*, 627 F.3d 1245, 1247 (D.C. Cir. 2011). Thus, based on the uncontested existence of Higginbotham's instruction and Morris's submission of the Issue Sheet, the District Court correctly found that EPA's stated reason for suspending Morris – her insubordination – was not pretext for race discrimination or retaliation.[1]

Notwithstanding the undisputed facts, Morris argues that the record must be reviewed to determine "whether a reasonable jury could determine that the decisionmaker in this case bore a racial animus against white females." Opp'n at 11. But as an initial matter, the relevant class here is not white females: Morris abandoned her sex discrimination claim at the summary judgment stage. Feb. 12, 2014 Mem. Op. at 13. And the undisputed record shows that Higginbotham promoted and selected white employees to work in OCR, refuting any notion of racial animus on her part. R. 40-2 at 5, 23-24.

In any event, the District Court considered the evidence cataloged by Morris and correctly found that none of it raised a genuine issue of pretext. Based on the undisputed record, it correctly found that Higginbotham did not give preferential

---

[1] As EPA explained in its Motion for Summary Affirmance, Morris's retaliation claim based on her suspension also failed at the *prima facie* case stage because she had not engaged in protected activity prior to being proposed for discipline. Mot. Summ. Aff. at 17; Feb. 12, 2014 Mem. Op. at 22-24. Morris does not address this argument in her opposition, and the Court may summarily affirm the District Court with respect to the retaliation claim on that basis alone. *See Maxwell v. Snow*, 409 F.3d 354, 356-57 (D.C. Cir. 2005) (treating issue as conceded based on appellants' lack of response).

treatment to African American employees. *Compare* Opp'n at 12-13 *with* Feb. 12, 2014 Mem. Op. at 15, 17-19. It correctly found that Higginbotham's alleged disparaging comments about whites were at most unrelated stray remarks made years before she proposed Morris's suspension, and Morris proffered no evidence to show that it influenced Spears's independent decision to uphold the suspension. *Compare* Opp'n at 12-13 *with* Feb. 12, 2014 Mem. Op. at 19-21. It correctly found that Higginbotham's reasons for not responding to the Wilkes and Tommelleo memoranda were immaterial to whether Spears, in upholding the suspension, honestly believed that Morris had been insubordinate. *Compare* Opp'n at 13 *with* Feb. 12, 2014 Mem. Op. at 17 n.11. And it correctly found that Spears was unaware of Morris's putative protected activity when he upheld her suspension. *Compare* Opp'n at 14-15 *with* Feb. 12, 2014 Mem. Op. at 24.[2]

---

[2] Reiterating a point confined to a single sentence in her opposition to summary judgment, Morris asserts that there are "issues of fact" arising from having to report to an OCR deputy director while two African American assistant directors reported to Higginbotham, and from not being invited to a luncheon. Opp'n at 11-12; *see* R. 36 at 22-23. But neither incident is material to this case. Title VII, as this Court repeatedly has held, is not a workplace civility code. *Baloch v. Kempthorne*, 550 F.3d 1191, 1199 (D.C. Cir. 2008) (citing cases). Moreover, the evidence refutes any race- or retaliation-based explanation for the incidents. With respect to Morris's reporting chain, she temporarily reported to the deputy director during an OCR reorganization; once it was complete, Morris resumed reporting to Higginbotham. R. 40-2 at 25-27. With respect to the luncheon, Morris simply assumed but proffered no facts to show that it was Higginbotham who issued invitations. R. 40-2 at 30-31.

7

## CONCLUSION

For the reasons stated above and in its motion, EPA respectfully submits that there is nothing to be gained by full briefing or oral argument and respectfully requests summary affirmance of the District Court's Memorandum Opinions and Orders entered February 6, 2012, April 23, 2012, and February 12, 2014.

>RONALD C. MACHEN JR.
>United States Attorney
>
>R. CRAIG LAWRENCE
>Assistant United States Attorney
>
>/s/ *Javier M. Guzman*
>JAVIER M. GUZMAN
>Assistant United States Attorney
>555 Fourth Street, N.W.
>Washington, D.C. 20530
>Phone: (202) 252-2551

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of July, 2014, the **APPELLEE'S REPLY IN SUPPORT OF MOTION FOR SUMMARY AFFIRMANCE** has been served upon Appellant's counsel through the Court's CM/ECF system.

    /s/ *Javier M. Guzman*
JAVIER M. GUZMAN
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2551